(No. 37020.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LAWRENCE LEWIS *et al.,* Plaintiffs in Error.

*Opinion filed September 28, 1962.*

WISEMAN & HALLETT, of Alton, for plaintiffs in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DICK H. MUDGE, JR., State's Attorney, of Edwardsville, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendants Lawrence Lewis and Melvin Penelton were indicted for forcible rape and statutory rape. They were represented by counsel of their own choice and found guilty of statutory rape by a jury in the circuit court of Madison County. On May 8, 1961, they were sentenced to the penitentiary for a term of two years. On this writ of error they urge that certain trial errors require the granting of a new trial or the reversal of the conviction.

The prosecutrix, who was 15 years of age, testified that defendants, instead of taking her home after a dance, parked on a country road near Edwardsville and each had sexual intercourse with her. She said they hit her several times and that her lip was cut. When they let her out of their car near her home about three o'clock in the morning, she went to a neighbor's house where a light was on. She told him she had been raped. The neighbor testified that he saw blood at the corner of her mouth. They then awakened her parents and went to the police station. A doctor testified that she had had intercourse, but he was unable to state the time of its occurrence. Other witnesses corroborated prosecutrix's activities for all but the hour to hour and one-half during

which she said the rape occurred. Defendants did not testify in their own behalf, but several witnesses testified that their general reputation was good.

Defendants contend that the oral confession of defendant Penelton was improperly admitted in evidence. Defense counsel and the State's Attorney agreed to have defendants take a lie detector test but stipulated that its results would not subsequently be offered in evidence. Defendant Penelton was at liberty on bond and voluntarily appeared at the courthouse for the test. He confessed orally to Dwight Whitlock, the polygraph operator, and repeated his confession to Richard Allen, an investigator for the State's Attorney. Codefendant Lewis was not implicated in the confession as it was related to the jury by Whitlock and Allen.

First, defendants contend that the oral confession was inadmissable on the ground that it was involuntary. Penelton's mother testified that Allen told her it would go easier on her son if he confessed and implicated his codefendant, and that she told her son of this conversation. Allen denied making the statement. Whitlock testified that in his conversation with Penelton prior to the test, he merely told him that he should tell the truth. He said he made no promise of any sort. At the time the alleged promise of leniency was made, Penelton was not in custody. Here there was a conflict in the evidence which the trial judge resolved adversely to the defendant. We find no error in his holding that the confession was voluntary.

Second, the defense argues that the confession was inadmissable because of the stipulation that the results of the lie detector test would not be offered in evidence. However, the oral confession was obtained during interrogation preliminary to the actual test and no testimony was offered concerning the test itself. We find no breach of the stipulation.

Defendants argue that certain cross-examination of their character witnesses was prejudicial error. Defense counsel asked the witnesses if they knew each defendant's reputation for being a good, law-abiding, moral person. The response was that their reputation was good. On cross-examination, the witnesses were asked about defendant's moral reputation as it related to young girls or women. These questions are assigned as error.

A defendant in a criminal action can make proof of such previous good character as is inconsistent with the commission of the crime with which he is charged. (*People v. Redola,* 300 Ill. 392; *People v. Kendall,* 357 Ill. 448.) This proof is made by showing his general reputation for the specific trait of character involved to suggest the inference that the accused acted consistently with his character. Once the accused offers proof of his good character, the prosecution may cross-examine and offer evidence of bad character in rebuttal. In a rape case, a defendant's reputation for chastity is relevant. (*Wistrand* v. *People,* 218 Il. 323.) Here, the cross-examination sought to elicit testimony relevant to this specific trait. The objections to this line of questioning were therefore properly overruled.

The defendants argue that denial of their motion for a psychiatric examination of the prosecuting witness to determine if she was a sexual psychopathic person or a nymphomaniac was error. We think it unnecessary in this case to pass upon the question of whether, or under what circumstances, a psychiatric examination and an expert opinion as to the credibility of a complaining witness in a sex case will be permitted. The prosecutrix's testimony was clear, uncontradicted and was corroborated in many respects. The trial court did not err in refusing to direct a psychiatric examination.

A number of incidents which occurred during the final arguments are urged as such prejudicial error as to require

reversal. Defendants contend that their counsel was not permitted to argue that Penelton's confession was false. However, an examination of the record reveals that objections were sustained to this line of argument only when counsel attempted to argue matters which were not in evidence. Next, defendants urge they were prejudiced by the State's Attorney asking if the prosecutrix's mother was in the courtroom. Defense counsel had just made a statement in his closing argument which intimated that the girl's mother was not interested in the trial. This question by the prosecutor was clearly invited by defense counsel. In such circumstances, defendants cannot complain that they were prejudiced by the reply. (*People* v. *Wheeler,* 5 Ill.2d 474.) Also, it is argued that defendants were prejudiced by the trial judge's statement that their counsel should make no more remarks without the court's permission during the prosecutor's closing argument. This ruling was elicited after defense counsel had repeatedly interrupted the prosecution and after he told the court he was tired of getting "hoodwinked." A trial judge has control of the progress of the trial and the duty to maintain proper decorum in the courtroom. Although we find no error in the trial judge's ruling, it should be observed that counsel continued to object during the argument without interference from the bench.

Many other matters are assigned as reversible error. However, from a careful examination of the record, we are of the opinion that no such prejudicial error was committed.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*