People of the State of Illinois, Plaintiff-Appellee, v. Dennis R. Schneekloth, Defendant-Appellant.

Gen. No. 69–122.

Third District.

October 20, 1970.

Rehearing denied November 18, 1970.

William N. Stone, of Sterling, for appellant.

James N. DeWulf, State's Attorney of Rock Island County, of Rock Island, for appellee.

STOUDER, J.

Defendant, Dennis Schneekloth, was found guilty by a jury of the unlawful sale of narcotics. The Circuit Court of Rock Island County sentenced defendant therefor to a term of from ten to eleven years in the penitentiary. De-

fendant has prosecuted this appeal, contending that he was not proved guilty of such offense beyond a reasonable doubt.

Steven Kracham, twenty-two years old and a deputy sheriff of Rock Island County, testified that in August, 1969, he was directed by the sheriff to investigate the adult bookstore in Rock Island regarding obscene books and narcotics. Prior to August 18, 1969, the witness, dressed in street clothes, had been in the bookstore on three separate occasions acquainting himself with the store and an employee, the defendant, whom the witness had known for several years. Late in the afternoon of August 18, 1969, the witness called at the bookstore and asked the defendant if he knew where the witness could get some grass (Marihuana). The defendant told the witness that he could get him some, that he would have to buy two bags at $10 each and that it could not be delivered until the next day, because defendant had to get it from someone in Sterling. On the following evening, August 19, after the store had closed, the witness drove up in front of the store and the defendant came out of the store, at which time the witness gave the defendant $20 in marked bills and was told by defendant that the two packages could be picked up behind a billboard across the street. The witness found two packages behind the billboard, delivered the same to the sheriff, and an analysis by the crime lab revealed that the packages contained marihuana. Defendant was arrested two days later, but no marked bills or narcotics were found in his possession.

Defendant did not testify at his trial and concededly, the only evidence of the offense charged was the testimony of Kracham.

In support of his argument that the evidence is insufficient to establish his guilt beyond a reasonable doubt, defendant argues there was no corroboration of Kracham's testimony relying on People v. Watkins, 68 Ill App2d 389, 216 NE2d 494, and People v. Bazemore,

25 Ill2d 74, 182 NE2d 649. According to defendant, his conviction rests on the testimony of a single witness, Kracham, and accordingly, the verdict of the jury cannot be sustained.

 Notwithstanding defendant's contention to the contrary, the general rule is that the testimony of a single witness, if positive and credible, is sufficient to establish defendant's guilt, if believed by the jury. People v. Tribbett, 41 Ill2d 267, 242 NE2d 249. This rule has been applied where the offense charged is the unlawful sale of narcotics and where the only testimony of the violation is offered by a police officer. People v. Guido, 25 Ill2d 204, 184 NE2d 858; People v. Wyatt, 62 Ill App2d 434, 210 NE2d 824 and People v. Green, 56 Ill App2d 86, 205 NE2d 507. In the Wyatt case, supra, the court rejected the argument that corroboration was required as would have been the case had the witness been an informer-addict. The Watkins and Bazemore cases supra, relied upon by defendant, involve addict informers and hence, the rule therein announced is not applicable where the witness is a police officer.

 Defendant also argues that the testimony of the officer should not be believed because he was a novice and inexperienced. We find no merit to this contention. Nothing in the officer's testimony is inherently improbable or unbelievable, and we find no reason for disturbing the jury's resolution of this issue against the defendant.

For the foregoing reasons, the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.