THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE SCHWING *et al.*, Defendants-Appellants.

(Nos. 53723, 53724 cons.;

First District—May 13, 1971.

Gerald W. Getty, Public Defender, of Chicago, (John T. Moran and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

After a jury trial, defendants, George Schwing and Lorenzo Medrano, were found guilty of the illegal sale of narcotics and each was sentenced to terms of 10 to 15 years. On appeal defendants contend that certain comments of the prosecutor during closing argument constituted reversible error; that the trial court improperly rejected certain photographic evidence; that they were not proved guilty beyond a reasonable doubt; and that the trial court erroneously denied defendant's motion to suppress the evidence. The facts as brought out at the hearing on the motion to suppress the evidence and at trial are as follows.

In October 1967 a former narcotics addict informed Officer Felix Muniz of the Chicago Police Department that he would be able to make a controlled purchase of narcotics. Muniz searched the informer, determined that he had no narcotics on his person, and supplied him with a twenty dollar bill. The officer then drove the informer to a restaurant at 120 South Halsted Street in Chicago. While the informer was in the restaurant, Officer Muniz stood outside at the curb and testified that he was able to observe what transpired in the restaurant. Muniz observed a conversation between the informer and the two defendants. The informer handed the twenty dollar bill to defendant Medrano. Medrano in turn gave the money to defendant Schwing, who placed it in his pocket. Schwing went next door to a hotel. When he returned he handed a tinfoil packet, subsequently found to be heroin, to Medrano who passed it on to the informer. Officer Muniz then entered the restaurant, arrested defendants, and after a struggle recovered the money from Schwing. After he arrested defendants, Officer Muniz brought both men up to Schwing's apartment in the adjoining hotel. He found no contraband in the apartment. Muniz testified that he had recorded the serial number

of the twenty dollar bill, but had misplaced the slip of paper on which he had recorded the number.

Two investigators for the Public Defender testified for the defense that they had been at the scene of the occurrence in July 1968, and that in their opinion it was impossible to see into the restaurant from the curb.

Defendants first contend that certain comments made by the prosecutor during closing argument were so unfair and prejudicial so as to have constituted reversible error. They cite four illustrations of such comments: (1) several times the prosecutor referred to defendants as "mopes"; (2) he stated that the jury did not represent the defendants, but rather represented the people throughout the community; (3) he made several references on the effects of criminal acts on society; and (4) he stated that the defense was a "smoke screen" and questioned the truthfulness of defense counsel. We shall treat each of the comments separately.

■■ Defendants made no objection to the prosecutor's reference to them as "mopes". As a general rule, where a party fails to object to claimed error, the error is waived on appeal. (*People v. Underhill* (1967), 38 Ill.2d 245, 230 N.E.2d 837.) And under the circumstances of the instant case we hold that any error by virtue of the comment was waived. We recognize the principle that a prosecutor's statements may be so highly prejudicial that even in the absence of objection, the right of a defendant to a fair trial may require reversal. (See *People v. Moore* (1956), 9 Ill.2d 224, 137 N.E.2d 224, 137 N.E.2d 246.) However we are of the opinion that the above characterization of defendants were not of such a nature as to require reversal in the absence of objection.

■■ The prosecutor commented to the jury that they did not represent the defendants, but rather all of the people of the State of Illinois. This remark was made in response to defense counsel's statement that the jury represented the defendants. Thus defendants cannot complain. Where comments and arguments are invited by remarks of defense counsel, a defendant will not be allowed to claim prejudice as a result of a reply by the prosecutor. (*People v. Lewis*, 25 Ill.2d 442, 185 N.E.2d 254; *People v. Hardaway* (1969), 108 Ill.App.2d 325, 247 N.E.2d 626.) Similarly the prosecutor's statements questioning the truthfulness of defense counsel and describing the defense as a "smoke screen" were prompted by statements of defense counsel accusing the prosecution of lies. Moreover, while intemperate language cannot be excused, a reading of the entire record on this point indicates that the comments were not of sufficient magnitude as to require reversal of the judgment. *People v. Burnett* (1963), 27 Ill.2d 510, 190 N.E.2d 338.

Defendant also maintains that the prosecutor's reference to the effect of criminal acts upon society constituted reversible error, but we find the argument to be without merit. It has been held consistently that "it is always proper for the prosecutor to dwell on the evil results of crime and to urge fearless administration of the law. *People v. Halteman,* 10 Ill.2d 74; *People v. Moore,* 9 Ill.2d 224." *People v. Williams* (1962), 26 Ill.2d 190, 194, 186 N.E.2d 353.

Defendants next contend that the trial court erred in refusing to admit into evidence certain photographs offered by defendants. The crime occurred on the afternoon of October 4, 1967. On July 24, 1968, an investigator for the Public Defender took pictures of the restaurant in question. The photographs purported to show that the sun's reflection off the restaurant window would block a person's view of the inside of the restaurant. In refusing to admit the photographs into evidence, the trial judge commented that the position of the sun in October was considerably different than in July, and that he thought that the photographs would mislead the jury as to the physical makeup of the area.

In order for photographs to be admitted into evidence, there must be a showing that the pictures portray certain facts relevant to an issue of case and that they be verified as a correct representation of the facts. (*People v. Lobb,* (1959) 17 Ill.2d 287, 161 N.E.2d 325; *Baggett v. Ashland Oil & Refining Co.* (1968), 92 Ill.App.2d 433, 236 N.E.2d 243.) It is ordinarily within the discretion of the trial judge whether photographs should be admitted into evidence. *People v. Thomas* (1967), 88 Ill.App. 2d 71, 232 N.E.2d 259.

We believe that the trial court's reasons for refusing to admit the photographs into evidence were logical and correct. They were offered by the defense to show that the reflection of the sun would have prevented the police officer from seeing into the restaurant. In view of the long gap in time and the difference in season, it is obvious that no proper foundation for their introduction was laid. We also note that the court permitted the defense witnesses to testify in detail that the officer standing at the curb would have been unable to view what transpired in the restaurant. We conclude that the court did not abuse its discretion in excluding the photographs from evidence.

Defendants next argue that they were not proved guilty beyond a reasonable doubt. Citing several examples, they maintain that certain inconsistencies and contradictions in the testimony of prosecution witnesses rendered the State's evidence incredible. However we find that the inconsistencies and contradictions claimed were either non-existent, reconcilable or of such a minor nature so as not to create a reasonable doubt of defendant's guilt as a matter of law.

■■ Defendants first claim several inconsistencies in the testimony of Officer Muniz. At trial Muniz testified that the informer stated that he could make a narcotics purchase from Medrano, while at a preliminary hearing he stated that the informer mentioned making the purchase from Schwing. Both statements are reconcilable with the events that occurred, but even if they were found to be contradictory the inconsistency would be insignificant. Similarly, at trial Muniz testified that the restaurant was located at 137 South Halsted Street; later he stated that the correct address was 120 South Halsted Street. There was no issue as to where the transaction took place, and the inconsistency was minor. At trial Muniz testified that Medrano never left the restaurant. He was then asked to explain his statement in the police report that Medrano "walked across the street." Muniz stated that the reference to "street" in the report was a mistake. The triers of fact heard the testimony, and were entitled to accept the officer's explanation.

Defendants have also directed our attention to one instance of an actual contradiction between the testimony of the informer and that of the police officer. The informer stated that the officer dusted the twenty dollar bill with fluorescent powder, while the officer stated that he did not. As we have noted, neither this instance nor any of the discrepancies claimed were of such magnitude as to render the testimony unbelievable or to justify a finding different than that reached by the jury. We recognize the principle that the testimony of a narcotics addict is to be reviewed with great caution. (*People v. Dade* (1969), 109 Ill.App.2d 337, 248 N.E.2d 844.) It is equally well established that the testimony of an addict informer may be sufficient to sustain a conviction if credible under the surrounding circumstances. (*People v. Hines* (1964), 30 Ill.2d 152, 195 N.E.2d 712.) In the instant case, there was not only the positive and credible testimony of the addict informer, but also the strongly corroborative evidence of the police officer. Defendants were proved guilty beyond a reasonable doubt.

Defendants next urge that the trial court erred in denying their motion to suppress the evidence. In making this argument, they apparently contend that the search of Schwing's apartment after the arrest was improper, and also that the twenty dollar bill found in Schwing's pocket was improperly admitted.

Defendant's argument as to the search of Schwing's apartment can be disposed of briefly. No evidence was recovered during that search; therefore there was no evidence to be excluded; and the validity of that search cannot be at issue.

■■ As to the introduction of the twenty dollar bill into evidence, it is well established that an officer has the right to arrest without a warrant

provided it is shown that a criminal offense has in fact been committed in his presence and he has reasonable grounds for believing that the person arrested committed it (*People v. Accardi* (1965), 58 Ill.App.2d 364, 208 N.E.2d 43.) Our statute, Ill. Rev. Stat., 1969 ch. 38, 108—1 provides:

> "When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of:  *  *  *
> (c) Discovering the fruits of the crime  *  *  *."

In the case at bar, the police officer testified that he observed the informer hand Medrano the pre-recorded money and Medrano hand the money to Schwing; he then saw Medrano deliver the narcotics to the informer. The officer obviously had the right to make the arrest, and could properly search Schwing to recover the fruits of the crime. The court did not err in denying defendant's motion to suppress the evidence.

In addition to the brief filed by counsel for both defendants, defendant Schwing has filed a pro se memorandum asking reversal of his conviction. Most of his additional contentions are repetitions of those arguments advanced by his counsel. We deem it necessary to consider only one of his additional points.

Schwing argues that he was denied due process of law when he was prevented from taking the witness stand by the "silent threat" of the State to introduce his record of prior convictions to impeach him. His argument has no application to the instant case. If a defendant takes the witness stand, he may be impeached by proof of a prior conviction for an infamous crime. (*People v. Kirkpatrick* (1953), 413 Ill. 595, 110 N.E.2d 519. Also see *People v. Montgomery* (1971), 47 Ill.2d 510, 268 N.E.2d 695.) Although the record reflects that Schwing had several prior convictions, none were for infamous crimes. If he had testified, the State would not have been permitted to introduce his prior convictions to impeach him.

Accordingly, the judgments of the Circuit Court are affirmed.

Judgments affirmed.

DEMPSEY and McGLOON, JJ., concur.