(No. 43349.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. RICHARD BROWN, Appellant.

*Opinion filed January 31, 1974.*

James J. Doherty, Public Defender, of Chicago (John M. Kalnins, Assistant Public Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Kenneth L. Gillis and Dennis J. O'Hara, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Richard Brown, was found guilty of

murder by a jury in the circuit court of Cook County and sentenced to not less than 15 nor more than 30 years in the Illinois State Penitentiary.

Defendant and Jimmie Claggett were charged in a four-count indictment with the murder of Roger O. Corpus. At approximately 5:00 P.M. on May 6, 1968, Corpus's body, his ankles bound with white electric cords, was discovered lying on the floor of the living room in his apartment. The door to the apartment was open, lights were on, and music was playing, presumably on a radio. The deceased's wallet, credit cards and much of his clothing were missing.

As grounds for reversal defendant contends first that the trial court erred in denying his motion to suppress two statements, one made to the arresting police officers, and the other to an assistant State's Attorney. He argues that his arrest was unlawful in that it was made in his home, at night, without a warrant, after forcible entry by the police and that there were no exigent circumstances shown which justified the failure to seek a warrant for his arrest. He contends further that the statements taken from him following his arrest were obtained prior to his being taken before a magistrate, that they are "the products of the unlawful custody" and should have been suppressed and excluded from introduction into evidence.

The People contend that at the time of defendant's apprehension the arresting officers had reasonable grounds to believe that he was implicated in the murder and that the arrest without a warrant was, therefore, lawful.

The testimony adduced at the hearing on the motion to suppress shows that on May 13, a week after the murder, two detectives went to defendant's apartment, that one of them concealed himself within the apartment and the other concealed himself outside the apartment. The entry into the apartment was accomplished in defendant's absence and without a warrant. After they had

waited for approximately three hours defendant appeared, and Detective Lenz greeted him with drawn revolver and placed him under arrest.

In support of their contention that the police officers had probable cause for defendant's arrest, the People rely principally on the testimony of the deceased's sister, Constance DeLoach. The record, however, shows that Mrs. DeLoach testified, not at the hearing on the motion to suppress, but at the trial, and there is no evidence that the police, at the time of the arrest, were possessed of knowledge of the matters to which she testified. The deceased's brother testified that he had given defendant's name to the police on May 7, but made no suggestion that defendant was responsible for the death because "nobody asked." Later, apparently on May 9, the police were told that on the day of the murder defendant had been seen in the building where the deceased lived.

Upon review of the record, we conclude that the testimony fails to show that at the time of his apprehension there was probable cause for defendant's arrest, that his arrest was, therefore, unlawful, and we consider next the question whether the statements were the product of the illegal arrest and, therefore, improperly admitted into evidence.

The People contend that even assuming that defendant's arrest was illegal, his statements were voluntarily made after he was fully and properly advised of his right to remain silent and of his right to have an attorney appointed to represent him and to have him present during questioning, and that the giving of the *Miranda* warnings (*Miranda v. Arizona,* 384 U.S. 436) served to break the causal chain so as to sufficiently attenuate and dissipate the taint of the unlawful arrest. (*Wong Sun v. United States,* 371 U.S. 471.) They argue that his statements did not result from his arrest but rather from the defendant's realization that, even from the facts already known to

police, he was implicated in the killing and that he wanted it known that he was merely a bystander and that Claggett was the actual killer.

The testimony adduced at the hearing on the motion to suppress shows that following his arrest defendant was taken to an interrogation room at the Maxwell Street station. Officer William Lenz testified that defendant was advised of his constitutional rights and stated that he understood them. Officers Lenz and William Nolan "had a conversation with" defendant relative to the slaying of Corpus after which defendant agreed to give them a statement. A two-page statement was taken and Officer Lenz testified that the statement "bears the signature of Richard Brown." This statement, however, is not included in the record and no issue is raised concerning it in this appeal. After this statement was taken the officers took the defendant to the Madison and Homan area in an effort to find Claggett. They did not find Claggett and went to the identification section of the central police station to obtain a photograph of him. They returned to the area where they had sought Claggett and found and arrested him. Following a brief conversation with Claggett the police officers talked briefly with defendant and then called an assistant State's Attorney. The assistant State's Attorney arrived at 2:00 A.M. and talked with defendant for approximately 25 minutes. During this period a court reporter arrived and the assistant State's Attorney took a question-and-answer statement which was transcribed, but when it was presented to defendant at approximately 4:00 A.M. he refused to sign it. Over objection the circuit court permitted the statement to be read to the jury and it was then, again over objection, offered and admitted into evidence. Contained in this statement are explicit *Miranda* warnings given the defendant by the assistant State's Attorney and defendant's responses indicating that he understood them. The second statement which defendant contends was erroneously admitted was introduced into

evidence in the testimony of police officer Nolan who related to the jury what was told him by defendant during interrogation which preceded the taking of the question-and-answer statement. Both Officers Lenz and Nolan testified that defendant had been advised of his constitutional rights.

From our examination of the record, in the light of the circumstances shown by the testimony, we conclude that the giving of the *Miranda* warnings, in the first instance by the police officer and in the second by the assistant State's Attorney, served to break the causal connection between the illegal arrest and the giving of the statements, and that defendant's act in making the statements was "sufficiently an act of free will to purge the primary taint of the unlawful invasion." (*Wong Sun v. United States,* 371 U.S. 471, at 486.) We hold, therefore, that the circuit court did not err in admitting the statements into evidence.

Defendant contends next that even if the statements were properly admitted into evidence, they were exculpatory and he was not proved guilty of murder beyond a reasonable doubt. In the statements defendant admitted that he was present in the deceased's apartment, that at Claggett's direction he tied the deceased's hands and feet and although he stated Claggett fired the fatal shots, he had sold him the pistol earlier that evening. The evidence is clearly sufficient to sustain the conviction. *People v. Nowak,* 45 Ill.2d 158.

Defendant contends next that the trial court improperly admitted evidence of an unrelated criminal offense. The evidence of which he complains was contained in his statement and was in explanation of why he had sold the gun to Claggett. This was admitted in the course of proving what defendant had said to the police and what he had told the assistant State's Attorney, and under the circumstances shown its admission into evidence was not error.

Finally defendant complains of the court's refusal to

give a tendered instruction on circumstantial evidence (IPI Criminal No. 3.02). The People tendered, and the court gave, an instruction in the form of IPI Criminal No. 3.02 but without the second paragraph. Obviously the proof of guilt was, in part, defendant's own statements, and with direct evidence of his participation in the crime, the trial court correctly refused the tendered instruction.

In the absence of prejudicial error, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*