THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL MICKELSON, Defendant-Appellant.

(No. 74-246;

Third District—October 15, 1975.

*Rehearing denied November 18, 1975.*

STOUDER, J., dissenting.

Braud, Warner & Neppl, of Rock Island (Dennis Deporter, of counsel), for appellant.

David DeDoncker, State's Attorney, of Rock Island (G. Trent Marquis, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Michael Mickelson appeals from a conviction of unlawful delivery of a controlled substance and the ensuing sentence of from 3 to 9 years in the penitentiary, following a jury trial in the Rock Island County Circuit Court.

For an understanding of the issues raised by defendant on appeal it is necessary that we review the evidence. The State produced two witnesses, Robert T. Johnson, a special agent for the Illinois Bureau of Investigation, and Robert Barker, who was a paid informer for the Illi-

nois Bureau of Investigation. Johnson testified that on September 12, 1973, he and Barker went to a Rock Island residence where several people were gathered. Sometime after Barker made a couple of telephone calls, the defendant Mickelson arrived at the house. Johnson then stated that he asked defendant Mickelson if he had the "quarter T" (a quantity of heroin) and the defendant said that he did have it and also that he was ready to sell it for $25. At that point, defendant Mickelson gesturing to Barker said that he would prefer to deal through Barker, whom he knew, rather than directly with Johnson in making the sale. Following Mickelson's suggestion, agent Johnson then gave the money to Barker, and Barker and Mickelson stepped outside the door on the porch out of view of Johnson. After an interval of not more than two minutes, Barker returned and gave Johnson a tinfoil packet, which was later found to contain heroin.

The State called Barker to the stand, but he testified that he did not remember anything about the night in question. He admitted telling the prosecutor a day earlier that he would not testify for several reasons, but stated that he had not told the prosecutor that he in fact did remember the events of September 12. On cross-examination by defense counsel, Barker admitted that he was a $100-a-day heroin addict at the time of this incident and that he was working as a paid informer for the IBI. He also admitted that the IBI had promised to have charges of forgery and drug possession dropped if he worked for them, and that the more people he turned in, the sooner he would get off.

● 1   Defendant argues on appeal that the evidence was insufficient to show an actual delivery of the controlled substance to anyone. The State points out that the defendant stated that he had the heroin with him and that it was for sale for $25 but that defendant wanted to deal through Barker, and that defendant and Barker (who was then given the $25 by agent Johnson to pay for the heroin) stepped out for the very brief time necessary to complete the transaction, and that Barker thereafter turned a packet of heroin over to Johnson.

We agree that the uncorroborated testimony of an addict-informer must be viewed with great caution and, standing alone without any circumstantial corroboration, would be insufficient to support a narcotics conviction. (*People v. Watkins* (1st Dist. 1966), 68 Ill.App.2d 389, 393, 216 N.E.2d 494; *People v. Dade* (1st Dist. 1969), 109 Ill.App.2d 337, 341-342, 248 N.E.2d 844.) The cases, however, support the principle that the testimony of a single witness, if positive and credible, is enough to support a conviction, where, in a narcotics case, the testimony is of a law enforcement officer. (*People v. Parson* (1963), 27 Ill.2d 263, 267, 189 N.E.2d 311; *People v. Schneekloth* (3d Dist. 1970), 129 Ill.App.2d 451, 454, 263 N.E.

2d 500; *People v. Wyatt* (1st Dist. 1965), 62 Ill.App.2d 434, 210 N.E.2d 824.) The circumstances of the conversation referred to of defendant Mickelson with agent Johnson with respect to the heroin and the receipt of a packet of heroin from Barker, immediately after the two-minute interval sufficient to permit a transfer from defendant to Barker, was enough evidence to allow the jury to return a verdict of guilty. It might have been better practice if the informer had been searched beforehand so as to establish that he had no heroin in his possession. Since the sale, however, was to be made to Johnson, as apparently previously conceived, and not through Barker, no such search had been made. On the basis of the record, the jury had the right to determine whether or not defendant completed the transaction with Barker.

■■ The fact that Barker stated he could not remember what transpired on September 12 was not helpful to either the prosecution or defendant. We do not believe it was essential to support the conviction, on the basis of *People v. Adams*, 46 Ill.2d 200, 208-209, 263 N.E.2d 490, where the Illinois Supreme Court said:

> "The evidence presented showed a controlled sale of narcotics by an informant acting in cooperation with two police officers. Circumstantial evidence and testimony, if believed, certainly demonstrated the defendant's guilt. It was the function of * * * the trier of fact to evaluate the credibility of the witnesses and its 'finding of guilty will be disturbed only where the evidence is so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt as to the defendant's guilt.' "

As a corollary to the attack on the sufficiency of the evidence, defendant specifies that the indictment charged him with delivering the heroin to "Robert Lacey" and correctly notes that no one by that name testified or was even mentioned at the trial. Such a misnomer, however, is merely a formal defect and not a fundamental one (*People v. Adams*, 46 Ill.2d 200, 204) and as long as the variance did not surprise the defendant or prevent him from properly preparing his case, we do not believe that this omission would justify reversal. See *People v. Adams*, 46 Ill.2d 200, 263 N.E. 2d 490, and *People v. Allen*, 17 Ill.2d 55, 58, 160 N.E.2d 818.

■■ Defendant also contends that the court committed error in failing to give the circumstantial evidence instruction, IPI Criminal No. 3.02, in full, which reads as follows:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

The court gave the State's version, and omitted the last paragraph which reads:

"You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

Committee Comments in IPI Criminal No. 3.02 suggest that the final sentence, which was omitted by the court, should be given only where the evidence is entirely circumstantial. Since there was considerable direct evidence in the cause before us, such as defendant's statement that he had heroin which he was ready to sell for $25, we believe that the failure to give the second paragraph of the IPI Criminal No. 3.02 was not reversible error. (*People v. Brown* (1974), 56 Ill.2d 312, 318, 307 N.E.2d 356; *People v. Bolton* (4th Dist. 1974), 18 Ill.App.3d 512, 516, 310 N.E.2d 22.) It is true that there is no direct evidence of the actual delivery itself. The direct evidence heard, however, showed that a request was made by the defendant to make his sale through Barker. The $25 was given by agent Johnson to Barker to obtain completion of the sale of heroin. While we recognize that the giving of the second paragraph of the instruction to the jury would be vital if it involved issues such as the identity of the defendant, and that a case based entirely on circumstantial evidence would require the cautionary last sentence of 3.02, the failure to give that portion of the instruction does not require reversal in view of the other evidence in this case referred to. In the words of the court in *People v. Merkel*, 23 Ill.App.3d 298, 302, 319 N.E.2d 77 (2nd Dist. 1974):

"* * * the failure of the trial court, if it were error, to give the second part of IPI-Criminal § 3.02 does not require reversal unless it appears that justice has been denied or that the verdict resulted from such error."

In the cause before us, the failure to give that portion of the instruction does not appear to have produced the verdict of guilt since it does not appear likely that the jury could have come up with a "reasonable" theory of innocence consistent with the direct and circumstantial evidence presented. A jury is not required to search out potential explanations compatible with innocence. (*People v. Russell*, 17 Ill.2d 328, 331, 161 N.E.2d 309.) The theory of innocence must be a reasonable one naturally arising from the evidence presented. See also *People v. Ohley*, 15 Ill.App. 3d 125, 303 N.E.2d 761.

■■ Defendant likewise contends that it was error for the court to allow the State to treat Barker as a hostile witness and cross-examine him. It appears from statements of the prosecutor in chambers that Barker's testimony that he could not remember was a surprise to the State in view of other statements Barker made in the State's Attorney's office the previous day. It also appears from such statements that Barker was then a

resident of the same prison as the defendant and may have had reasons resulting from such circumstance to suffer a complete lapse of memory as to the transaction. In any event, there was a sufficient record to authorize the court to designate Barker as a hostile or court witness. There was no effort in this case by the prosecutor, which was in any manner successful, to elicit from Barker the substance of any alleged prior statement, but only the fact that he had made one. It appears from the record that the prosecutor succeeded in avoiding, in both his questions and in Barker's answers, anything which was sufficiently prejudicial to justify reversal.

■■ It is contended also that the court erred in admitting portions of Johnson's testimony relating to phone calls which were made by Barker shortly before Mickelson arrived at the house, since such phone calls would be hearsay. The testimony on this issue, to the effect that Barker apparently discussed a drug sale with some unknown person over the phone, and then tried to call Mickelson unsuccessfully, would not appear to add anything to the State's case, and we do not believe that any error which would justify reversal accrued by reason thereof.

For the reasons stated, the judgment and sentence of the Circuit Court of Rock Island County is affirmed.

Affirmed.

BARRY, J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I disagree with the majority and believe the case should be reversed, or at the least, reversed and remanded for new trial. I believe it is unnecessary to restate the facts as set forth in the majority opinion except as to state additional facts relating to specific objections.

The first issue on appeal is whether the State proved delivery of a controlled substance beyond a reasonable doubt. Assuming arguendo no errors were committed and the police officers' testimony regarding the sale and delivery was true, we have evidence defendant told an IBI agent he had a quarter T which was for sale for $25, the agent paid the informer the money, the informer and defendant stepped outside the door and after about two minutes the informer returned and gave the agent a tinfoil packet later found to contain heroin. The specific question here is whether the above facts constitute sufficient evidence to establish delivery and sale. The People cite three cases in support of their position regarding the sufficiency of the evidence. *People v. Parson*, 27 Ill.2d 263, 189 N.E.2d 311, *People v. Guido*, 25 Ill.2d 204, 184 N.E.2d 858, and *People v. Adams*, 46 Ill.2d 200, 263 N.E.2d 490, *aff'd*, 405 U.S. 278, 31 L.Ed.2d 202, 92 S.Ct. 916.

. In *Parson* a narcotics agent testified he observed a co-defendant deliver the package to another agent. In *Guido* a Federal agent testified he received the heroin from defendant. In *Adams* the court stated that no detailed summary of the evidence was necessary but that there had been shown a controlled sale of narcotics by an informant acting in cooperation with two police officers. The *Adams* court cited *People v. Realmo*, 28 Ill. 2d 510, 192 N.E.2d 918, as having circumstances resembling the *Adams* case. In *Realmo* the testifying officers did not view the actual transfer but they corroborated an informer's testimony regarding the transfer. *Adams* was also cited for its holding that the naming of the person to whom the illegal sale was made was not essential to the sufficiency of the indictment in question and the misnomer there could be regarded as surplusage.

The majority also cite *People v. Schneekloth*, 129 Ill.App.2d 451, 263 N.E.2d 500, and *People v. Wyatt*, 62 Ill.App.2d 434, 210 N.E.2d 824. In *Schneekloth* a deputy sheriff testified defendant told him he could pick up two packages behind the billboard across the street. The deputy went across the street and found the two packages behind the billboard which were subsequently revealed to contain marijuana. In *People v. Wyatt* three State narcotics inspectors went to the informer's apartment. Upon defendant's arrival one inspector asked defendant if he had the heroin and defendant said yes. Defendant and the informer went toward the bathroom where one of the inspectors, hidden in a closet, heard the defendant ask the informer whether another inspector had the money. Defendant asked the informer why business couldn't be done in the regular way and then told the informer to get one of the inspectors who came to the bathroom and received the envelope from the informer and then gave the money to defendant stating "here's the money. Is the 'stuff' ok?" Defendant answered, "yes, you will be satisfied with the percentage." The cases cited by the People and the majority are distinguishable in that in the instant case there is no evidence, whether it be called direct or circumstantial, of an actual delivery of the narcotics. I believe the evidence being insufficient the cause should be reversed outright, but even if the evidence be considered sufficient I believe there are trial errors requiring a new trial.

The next issue is whether the court's failure to allow in its entirety defendant's requested instruction on circumstantial evidence constituted reversible error. The instruction in question is Illinois Pattern Jury Instruction Criminal No. 3.02, which reads:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial

evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

The court refused defendant's instruction and allowed the State's instruction which did not include the second paragraph. Defendant contends the proof of his guilt is entirely circumstantial and therefore the entire instruction should have been given. The majority contends there was considerable direct evidence except as to the actual delivery itself and cite defendant's statement that he had heroin which he was ready to sell for $25 as being direct evidence. Since the charge here is unlawful delivery of a controlled substance it is somewhat hard to imagine what direct evidence there could be if not as to the actual delivery. As noted in the dissent in *People v. Minish*, 19 Ill.App.3d 603, 608, 312 N.E.2d 49, "According to the majority opinion the trial court correctly refused to give the full I.P.I. Criminal Instruction 3.02 because there was some direct evidence. Two problems concern me. What is direct evidence as distinguished from circumstantial evidence? Why should the second paragraph not be given merely because there is some evidence which may be regarded as direct evidence?" Since the difficulty, if not impossibility, of distinguishing direct from circumstantial evidence is discussed at length in the cited dissent it will not be repeated here. The majority cite *People v. Merkel*, 23 Ill.App.3d 298, 319 N.E.2d 77, for the proposition that the failure of the trial court to give the second part of I.P.I. Criminal No. 3.02, if error, does not require reversal. The court in *Merkel* held the record revealed no reasonable theory of innocence arising from the evidence adduced at trial. In light of the fact in the instant case that the paid informer who allegedly received the narcotics from defendant was not searched prior to the alleged transaction, and in light of there being no evidence of actual delivery, it cannot be held here there was no reasonable theory of innocence. The failure here to give the instruction in its entirety would constitute sufficient error to require, at the very least, a new trial.

The next assignment of error by the defendant relates to the court's permitting the State to treat the informer as a hostile witness and to cross-examine him. The majority argue that since Barker's testimony was a surprise to the State it was not error to allow him to be designated a hostile witness. The record does not even support the claim of surprise because the prosecutor knew at least the day before trial the witness had refused to testify. The majority argues there was no prejudice accruing to the defendant here which would justify a reversal. The State called

Barker as a witness and elicited from him his statements that he did not recall at any time prior saying anything different regarding his meeting defendant in the presence of agent Johnson. Defendant's objection was overruled. In the instant case the State attempted to cross-examine the witness without first going through the proper procedure. After receiving the court's permission to cross-examine Barker as a hostile witness, the testimony itself was on a collateral matter, and the actual statements made by Barker which were inconsistent were never introduced. This alone would at least justify the granting of a new trial.

The last issue relates to defendant's contention the court erred in admitting the agent's testimony relating to phone calls made by informer Barker at agent Johnson's request. Johnson testified that at his request Barker made a phone call and carried on a conversation with the party at the other end. Over objection by defense counsel Johnson stated he heard the words "quarter T" mentioned and a financial amount discussed. He heard no mention of any names. Johnson stated further that about a half hour later Barker made another call at Johnson's direction for the purpose of recontacting the party Barker had been talking to. He testified Barker asked for Mickelson but Mickelson was not there. The State argues even if the statements were offered to prove the truth of facts asserted the substance of the statements does not tend to prove or disprove any fact in issue and therefore could not have prejudiced defendant. This argument is untenable in the light of the facts in the instant case as is the majority's statement that Barker's attempt to call Mickelson would not appear to add anything to the State's case. It seemed to be more significant and more prejudicial in this case due to Barker's failure to recall the events in question. The testimony of Johnson goes far beyond establishing that telephone calls were made. Due to the error in admitting the testimony regarding these conversations the cause should be remanded for a new trial.

For the forgoing reasons the judgment of the circuit court of Rock Island County should have been reversed on the grounds of insufficiency of the evidence or at least reversed and remanded on the grounds of the aforementioned errors.