THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANGEL LUIS GARCIA, Defendant-Appellant.

First District (1st Division)    No. 80-253

Opinion filed September 21, 1981.

Irwin L. Franzin, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Mark E. Thompson, and Susan Fleming, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant was charged by information with the offense of possession of 30 grams or more of a substance containing heroin. After a bench trial, defendant was found guilty and sentenced to the Department of Corrections for a term of four years. Defendant now appeals.

On appeal, defendant argues that: (1) he was not proved guilty beyond a reasonable doubt of the offense of possession of a controlled substance; (2) the State failed to adequately establish the chain of custody and possession of the substance; and (3) he should have been found guilty of a lesser charge because no evidence was introduced as to the weight of the plastic bags in which the substance was found.

We affirm.

On October 14, 1977, Officer Ricardo Abreau went to the Federal Drug Enforcement Agency to obtain $4,600 to purchase heroin from defendant. Abreau met Officers Thomas Kinsella and Thomas Nuestrom at the corner of North Avenue and Ashland in Chicago at 7 that evening. The three agreed that Abreau would signal the other two officers once he had seen the heroin. He then went alone to meet defendant at the corner of North Avenue and Claremont. He told defendant he wanted to purchase 6 ounces of heroin. Defendant told Abreau to meet him at the garage in the alley behind 1620 North Claremont in 20 minutes.

After 20 minutes had passed, Abreau went to the designated location. Defendant was standing in front of the garage and three or four people stood in the garage working on a car. Defendant informed Abreau that he

was only able to procure 4 ounces of heroin. When Abreau agreed to accept the smaller amount, defendant showed him a brown paper bag which contained four clear plastic bags containing a chunky brown substance.

Once he had seen the substance, Abreau signaled the other officers. As the officers approached defendant, he threw the brown paper bag to the ground. Nuestrom retrieved the bag and placed it in his pocket. Abreau and defendant then went to the vice control division of the narcotics office.

Officers Nuestrom and Kinsella drove together to the police station. Nuestrom did not remove the bag from his pocket until one hour after defendant's arrest. The parties stipulated to the fact that each of the four bags contained 23.94 grams of heroin.

One relative and three friends of defendant testified that they were in or around the garage during the incident. All four testified that they never saw a brown paper bag or anything thrown to the ground. Defendant testified on his own behalf. He claimed that he was in the back of the van at the time of his arrest and that he had neither heroin nor a brown paper bag.

The trial court found defendant guilty and sentenced him to four years in the Department of Corrections. Defendant appeals his conviction.

■■ First, defendant argues that he was not proved guilty beyond a reasonable doubt of the offense of possession of a controlled substance. Defendant claims that since one relative and three of his friends who were present at the scene of the alleged drug transaction testified that they did not see defendant with a brown paper bag, there is a reasonable doubt as to his guilt. Essentially, defendant is arguing that the trial court erred in choosing to believe the State's witnesses rather than defendant's witnesses. The trial court, sitting as trier of fact, is in a position superior to that of a reviewing court for purposes of assessing the credibility of witnesses and conflicting evidence. (*People v. White* (1978), 69 Ill. App. 3d 830, 840, 387 N.E.2d 728; *People v. DeWitt* (1978), 66 Ill. App. 3d 146, 148-49, 383 N.E.2d 694, *affirmed* (1979), 78 Ill. 2d 82, 397 N.E.2d 1385.) We are unwilling to reverse a conviction on the ground that the trial court chose to believe the State's witnesses rather than those of the defense.

■■ Additionally, defendant argues that the State's failure to call Officer Nuestrom to testify demonstrates the weakness of the State's case. We have held that the testimony of a single law enforcement officer is enough to support a conviction in a narcotics case. (*People v. Mickelson* (1975), 32 Ill. App. 3d 813, 815, 336 N.E.2d 806.) Here, Officers Abreau and Kinsella testified that they observed defendant offer the heroin to Abreau outside the garage at 1620 North Claremont and then throw the brown paper bag

on the ground. Their testimony corroborated each other's as to the events surrounding the planned surveillance and arrest. It was unnecessary for the State to call Officer Nuestrom to further corroborate the accounts given by the other two officers. We conclude that defendant was proved guilty beyond a reasonable doubt.

Second, defendant argues that the State failed to adequately establish the chain of custody and possession of the four plastic bags containing a brown powdery substance. In *People v. Pagliara* (1977), 47 Ill. App. 3d 708, 365 N.E.2d 72, the defendant raised a similar argument. The court noted that the State is not required to exclude all possibility of tampering. All that is required is that there be a reasonable probability that the article had not been changed in any respect. 47 Ill. App. 3d 708, 714.

■■ In the present case, although Officer Nuestrom did not testify, Officer Kinsella testified that he was with Nuestrom from the time Nuestrom picked the bag up off the ground until the time the contraband was inventoried at the crime laboratory. Defendant presented no evidence which would indicate that the substance was in any way tampered with or altered. In the absence of any such evidence, we must find that the chain of custody was sufficiently proved. *People v. Pagliara* (1977), 47 Ill. App. 3d 708, 365 N.E.2d 72; *People v. Richards* (1970), 120 Ill. App. 2d 313, 256 N.E.2d 475.

Lastly, defendant argues that the State failed to meet its burden of proving defendant guilty of possession of 30 grams or more of a substance containing heroin, a class 1 felony. (See Ill. Rev. Stat. 1979, ch. 56½, par. 1402(a)(1).) It was stipulated that if the lab technician who analyzed the substance were to testify, he would state that the total weight of the four clear plastic bags and the substance contained therein was 95.7 grams. Defendant maintains that since there was no testimony as to the weight of the bags themselves, he can only be found guilty of a lesser charge.

Defendant asks us to believe that the weight of the four bags was in excess of 65 grams. Not by a long stretch of the imagination can we conjecture this to be true. We therefore reject defendant's final contention as well.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.