Benjamin WILLIAMS *v.* STATE of Arkansas

CR 86-126                                    720 S.W.2d 305

Supreme Court of Arkansas
Opinion delivered December 8, 1986

450

*R. W. Laster*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was convicted of two counts of delivery of a controlled substance. He argues the testimony of Charlotte Smith, the primary prosecution witness, was uncorroborated and that his motion for a directed verdict should have been granted because Smith was an accomplice and a drug addict. He contends her testimony, absent corroboration, was insufficient to sustain his conviction. We find Smith's testimony was corroborated. He also argues his attorney was erroneously limited in cross-examination of Smith. We find no abuse of discretion in the trial judge's ruling that the matter the attorney wished to discuss was more prejudicial than probative.

Charlotte Smith, who had been convicted of selling drugs, was enlisted by the Pulaski County Sheriff's Department to work with officer Kerry Thomas in apprehending other drug dealers. Thomas testified that on August 8, 1984, Smith and her car were searched and found to be free of drugs. Smith was given $40.00 and placed under surveillance by Thomas. She drove to the corner of Marshall Street and Wright Avenue in Little Rock and parked

her car. She was first approached by an unidentified person who spoke to her briefly and then walked away. A short time later she was approached by the appellant who got in her car, stayed for a brief period, and then left. Smith drove to the sheriff's office where she gave Thomas two packets of a substance later identified as containing cocaine. Smith and the car were searched, and the $40.00 was missing.

Thomas further testified that on August 9, 1984, Smith was again sent out under Thomas's surveillance. This time when she reached the Marshall Street and Wright Avenue intersection a person, identified by Thomas as Nolan McCoy, got in Smith's car. She then drove to Sixteenth and Wolfe Streets where two other persons got in the car. Thomas identified one of them as the appellant but was unable to identify the other. When Smith returned to the sheriff's office, she again had none of the money earlier given to her by Thomas, but she handed over two Dilaudid tablets.

Smith testified she purchased the cocaine from the appellant on the first occasion and the Dilaudid from him on the second.

## 1. Corroboration

The appellant contends that it was necessary for the state to corroborate Smith's testimony for two reasons: First because she was an accomplice and corroboration is thus required by Ark. Stat. Ann. § 43-2116 (Repl. 1977), and second because she was an informer-addict and thus her testimony was so inherently unreliable that we should require corroboration of it, citing principally obiter dictum from *People* v. *Mickelson*, 32 Ill. App. 3d 813, 336 N.E. 2d 806 (1975).

We have held that a buyer of illicit drugs is not an accomplice of the seller. *Hoback* v. *State*, 286 Ark. 153, 689 S.W.2d 569 (1985); *Henderson* v. *State*, 255 Ark. 870, 503 S.W.2d 889 (1974); *Sweatt* v. *State*, 251 Ark. 650, 473 S.W.2d 913 (1971). The appellant invites us to distinguish those cases on the basis that here we have a buyer-witness who was an informer-addict rather than a buyer-witness who was a police officer or a buyer-witness who was not acting as an informer. We need not even attempt to make the distinction the appellant has suggested, nor need we consider adopting the position expressed in the

Illinois case, because here there was corroboration. The testimony of officer Thomas showed clearly that the crime of delivery of a controlled substance occurred on two occasions. It also served adequately to connect the appellant with the crime in each event. Corroborating evidence need not be sufficient in itself to sustain the conviction. *Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978), *cert. den.* 440 U.S. 911 (1979). It is sufficient if, independent of the accomplice's testimony, it tends in some degree to connect the accused with the crime. *Rhodes* v. *State*, 280 Ark. 156, 685 S.W.2d 421 (1983); *Walker* v. *State*, 277 Ark. 137, 639 S.W.2d 742 (1982). In *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982), we reversed on another point but said an accomplice's testimony was sufficiently corroborated because the defendant was seen by other witnesses with the accomplice before and after the commission of the murder alleged in that case. One witness testified she saw the defendant and the witness running from the house where the crime was committed. We find the circumstances of the appellant's presence with Smith in this case to be analogous to the circumstances in *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982). Thomas's testimony showed the appellant was present and acting suspiciously at the time and place the crime occurred. His testimony thus tended to connect the appellant with the commission of the crime, and when combined with Smith's testimony, it is sufficient to sustain the conviction.

## 2. *Cautionary instruction*

In addition to the corroboration argument, the appellant contends the court should have given the jury a cautionary instruction because of the inherent unreliability of Smith's testimony. No such instruction was requested at the trial, and the matter may not be argued for the first time on appeal. *Vasquez* v. *State*, 287 Ark. 468, 701 S.W.2d 357 (1985); *Novak* v. *State*, 287 Ark. 271, 698 S.W.2d 499 (1985).

## 3. *Restricted cross-examination*

Smith testified she had only been involved with drugs for about a year. The appellant's counsel asked her, on cross-examination, if she had not been a witness to a drug-related murder more than a year earlier. Out of the presence of the jury,

after objection, the appellant's counsel argued that showing her presence at a drug-related murder more than a year ago would legitimately attack Smith's credibility. The court responded that she could be asked about her involvement with drugs but not about the murder because the prejudicial effect of that evidence would outweigh its probative value.

■ Although A.R.E. 403 was not mentioned, the court's decision was obviously an application of that rule. The court was correct, for there was no showing that the murder had anything to do with the offense charged here or that the introduction of testimony about it would tend to prove Smith had been untruthful. *See Pitts* v. *State*, 273 Ark. 220, 617 S.W.2d 849 (1981). There was no abuse of the court's discretion, especially in view of his ruling that Smith could be cross-examined generally about her relationship to drugs but not about the murder. *Maxwell* v. *State*, 284 Ark. 501, 683 S.W.2d 908 (1985).

Affirmed.