Billy Ray HARBOUR *v.* STATE of Arkansas

CR 90-300                                                807 S.W.2d 663

Supreme Court of Arkansas
Opinion delivered April 29, 1991

*Burbank, Dodson, & McDonald*, by: *Gary L. Burbank*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Sr. Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged by a police citation with driving while intoxicated. At the time of the arrest, the arresting officer had not been given the required psychological evaluation. The statute applicable at that time provided that any action taken by such an officer "shall be held as invalid." *See* Ark. Code Ann. § 12-9-108(a) (1987). Appellant filed a motion to dismiss in which he contended that the charging instrument, the police citation, was invalid, *see Grable* v. *State*, 298 Ark. 489, 769 S.W.2d 9 (1989), and, in addition, filed a similar motion to suppress the evidence gathered by the officer. Before trial, the statute was amended to provide that any action taken by non-qualified officers "shall not be held invalid." Ark. Code Ann. § 12-9-108(a) (1990-91 Advance Code Service). The amendment is expressly made applicable to pending cases. The trial court applied the amended act, over appellant's objections, and found appellant guilty. We affirm the trial court's ruling.

Appellant contends the trial court's ruling violated the prohibition against the enactment of ex post facto laws. In a case squarely on point, we recently held that the amendment does not violate the ex post facto clauses of either the federal or state constitutions. *Ridenhour* v. *State*, 305 Ark. 90, 805 S.W.2d 639 (1991).

Appellant next contends the trial court erred in refusing to grant his motion to suppress. The argument is without merit as the trial court properly applied the amended act to find that the evidence gathered by the arresting officer was not invalidly

gathered.

■ Appellant's third argument is that he was deprived of procedural due process because the charging instrument, the police citation, was invalid. As previously set out, he was not invalidly charged because of the operation of the statutory amendment.

■ His final argument is that the amendment is void because of vagueness. We do not reach a decision on this point as it was not argued below. We do not address issues raised for the first time on appeal. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Affirmed.