Russell MITCHELL *v.* STATE of Arkansas

CR 91-12 814 S.W.2d 904

Supreme Court of Arkansas
Opinion delivered September 9, 1991

*Don B. Dodson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Elizabeth A. Vines*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was arrested and charged by police citation with three (3) misdemeanors. At the time of appellant's arrest, the charging officer's personnel file did not contain a psychological evaluation, and as a result, the officer did not meet the minimum standards established by the Commission on Law Enforcement Standards and Training. The statute then in effect provided that any action taken by an officer who did not meet the minimum standards "shall be held as invalid." Ark. Code Ann. § 12-9-108(a) (1987). After appellant's arrest, but before his trial, the statute was amended to provide that "[a]ctions taken by law enforcement officers . . . shall not be held invalid merely because of the failure to meet the standards and qualifications." Act 44 of 1989; Ark. Code Ann. § 12-9-108(a) (1990-91 Advance Code Service). The amendment additionally provided that it was applicable to all pending cases.

Appellant filed a motion to dismiss the citation on the ground that it was invalidly issued since the officer did not meet the standards and, in addition, filed a motion to suppress all evidence gathered by the officer. The trial court applied Act 44 and denied both motions. Upon trial, appellant was convicted of the misdemeanors. He appeals and makes four (4) assignments of error. We have previously decided the four (4) arguments adversely to appellant's contentions.

Appellant first contends the police citation was invalid, and therefore, the trial court erred in refusing to quash it. The trial court did not err. *Harbour* v. *State*, 305 Ark. 316, 807

S.W.2d 663 (1991). He also argues that the trial court erred in refusing to suppress the evidence gathered by the officer. Again, the trial court did not err. *State* v. *Henry*, 304 Ark. 339, 802 S.W.2d 448 (1991) and *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990).

He argues that the application of Act 44 to a pending case violated the prohibitions against ex post facto laws. The argument is without merit. *Ridenhour* v. *State*, 305 Ark. 90, 805 S.W.2d 639 (1991). His final argument is that he was deprived of procedural due process because the police citation was invalid. This argument is also without merit. *Harbour* v. *State*, 305 Ark. 316, 807 S.W.2d 663 (1991).

Affirmed.