Andrew ELLIS *v.* STATE of Arkansas

CR 91-90                                    816 S.W.2d 164

Supreme Court of Arkansas
Opinion delivered September 23, 1991

*G. Randolph Satterfield*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Jeff Vining*, Asst. Att'y Gen., for appellee.

DONALD CORBIN, Justice. Appellant, Andrew Ellis, was

convicted by a Jefferson County Circuit Court jury of three counts of delivery of cocaine and one count of misdemeanor possession of marijuana. He received a cumulative sentence of thirty-five years in the Arkansas Department of Correction. On appeal he challenges evidence used against him at trial because the officers were not properly certified law enforcement officers. He also challenges the trial court's refusal to instruct the jury on accomplice liability arising out of an undercover police officer's purchase of cocaine from appellant. We affirm.

On the night of February 11, 1989, Officer Danna Powell of the Pine Bluff Police Department stopped appellant for a misdemeanor traffic offense. After noticing a bulge in appellant's pocket, Officer Joseph Dorman conducted a pat-down search of appellant. During the pat-down search, appellant fled and Officer Dorman observed appellant tossing a white pill bottle into a small garden. Following his arrest by Officer Dorman and Sergeant Larry McGee, the bottle was recovered and determined to have contained cocaine.

While appellant was incarcerated, the state filed two informations against him, the first concerning the above-referenced incident and charging him with possession of cocaine, and the second charging him with three separate counts of delivery of cocaine. The second set of charges was the result of a pending investigation by State Police Investigator Bobby Nicks. Appellant was later charged with misdemeanor possession of marijuana resulting from an unrelated traffic stop for DWI.

The state and appellant made an agreement whereby the state would not charge appellant as an habitual criminal if appellant would waive his right to severance of the charges. Appellant was tried by a jury and found not guilty of the possession of cocaine charge arising out of the February 11, 1989 traffic violation. However, he was convicted of the three counts of delivery of cocaine and the misdemeanor possession of marijuana.

As his first assignment of error, appellant alleges the trial court erred in failing to grant his motion to dismiss the criminal charges and suppress evidence. Appellant's motion to dismiss was premised on the fact that, at the time of his arrest for the February 11, 1989 traffic offense, none of the police officers who

arrested him met the minimum employment standards established by the Commission on Law Enforcement Standards and Training. Although appellant was found not guilty on the possession of cocaine charge resulting from the February 11, 1989 incident, he argues that having to defend this charge increased his evidentiary burden and that any evidence resulting from this arrest should have been suppressed.

We find this argument to be meritless. On appeal, appellant must demonstrate prejudice, not just allege it. *Johnson v. State*, 303 Ark. 313, 796 S.W.2d 342 (1990). Appellant was found not guilty on the single charge of possession of cocaine. He has not demonstrated any prejudice resulting from the not guilty verdict.

Appellant's contention that the retroactive application of 1989 Ark. Acts 44 is prohibited by the *ex post facto* clauses of our federal and state constitutions has already been addressed. We call attention to a case dealing with this precise issue, *Harbour v. State*, 305 Ark. 316, 807 S.W.2d 663 (1991). This recent ruling stands for the proposition that in cases tried after November 8, 1989, the effective date of 1989 Ark. Acts 44, the amended version of Ark. Code Ann. § 12-9-108(a) (Supp. 1989) applies such that actions taken by non-certified officers are not held invalid merely because of a failure to meet the standards of the Arkansas Law Enforcement Commission. *See Harbour*, 305 Ark. at 317, 807 S.W.2d at 663. Although appellant was arrested on February 11, 1989, and his motion to dismiss was denied on August 17, 1989, the trial was held on October 16, 1990, and judgment was entered on October 22, 1990. The case was thus pending when 1989 Ark. Acts 44 was enacted and the trial court's application of the Act was not an application of an *ex post facto* law. *Barnes v. State*, 305 Ark. 428, 810 S.W.2d 909 (1991); *Harbour, supra; Smith v. City of Little Rock*, 305 Ark. 168, 806 S.W.2d 371 (1991); *Ridenhour v. State*, 305 Ark. 90, 805 S.W.2d 639 (1991).

As for the suppression component of appellant's argument, we call attention to *Kittler v. State*, 304 Ark. 344, 802 S.W.2d 925 (1991), *State v. Henry*, 304 Ark. 339, 802 S.W.2d 448 (1991), and *Moore v. State*, 303 Ark. 514, 798 S.W.2d 87 (1990), where we held the exclusionary rule inapplicable to cases

involving uncertified law enforcement officers because an officer's failure to meet minimum employment qualifications is not the police misconduct the Fourth Amendment was intended to prohibit.

As his second assignment of error, appellant contends the trial court erred in refusing to instruct the jury on accomplice liability. Appellant proffered a complicity instruction based primarily on the theory that Investigator Nicks was appellant's accomplice because he purchased cocaine from appellant on three different occasions. He contends these purchases made Investigator Nicks an accomplice of appellant, and thus required corroboration of appellant's guilt by other evidence independent of Investigator Nicks' testimony.

We have consistently held that a buyer of illicit drugs is not an accomplice of the seller. *Williams* v. *State*, 290 Ark. 449, 720 S.W.2d 305 (1986); *Hoback* v. *State*, 286 Ark. 153, 689 S.W.2d 569 (1985); *Sweatt* v. *State*, 251 Ark. 650, 473 S.W.2d 913 (1971). Accordingly, we find no error in the trial court's refusal to instruct the jury that Officer Nicks was appellant's accomplice.

Affirmed.