. Kenneth TALLEY *v.* STATE of Arkansas

CR 92-1339                                    849 S.W.2d 493

Supreme Court of Arkansas
Opinion delivered March 15, 1993

*Julia Mehyou*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

Jack Holt, Jr., Chief Justice. Appellant, Kenneth Talley, appeals his conviction of delivery of a controlled substance arguing that the evidence was insufficient to corroborate an alleged accomplice's testimony. We hold that in light of the fact that the witness was not an accomplice, the evidence was more than sufficient and affirm.

Talley was charged with delivery of a controlled substance, possession of a controlled substance with intent to deliver, possession of a controlled substance (marijuana and codeine), and intent to use drug paraphernalia (rolling papers). As a former felon with four or more previous convictions, he was subjected to sentence enhancement under Ark. Code Ann. § 5-4-501 (1987). After a bench trial on Count Two, delivery of morphine, Talley was sentenced to forty-five years imprisonment.

Talley's arrest transpired after the following events: a confidential informant, Charles Schrader, contacted Jacksonville Police Department Detective Kelley Smiley and said that he could purchase morphine from Kenneth Talley.

Detective Smiley testified that he and Office John Williams met the informant at the park. They reviewed the conversation Schrader had with Talley. Then, the officers searched Schrader from "head to toe" to make certain he did not have any drugs on him. Although they did not remove any of his clothing or his shoes, the officers pulled out Schrader's pockets, checked his waistband and gave him a complete pat down. The officers then searched the informant's pickup truck. Confident that Schrader did not have any drugs on him, the officers gave him two hundred dollars of Jacksonville Police Department money for the drug buy. The serial numbers on the bills were recorded, and Schrader signed an expenditure form to record his receipt of the funds.

Detective Smiley stated that they then followed Schrader to Talley's house and watched him walk to the door and knock. Talley answered the door.

According to Schrader's testimony, once he entered the house, he told Talley that he had the money. The two men went to the bathroom where Talley gave him morphine in exchange for the money. The pills were in a medicine bottle, but Talley poured the pills onto toilet paper and wrapped them before giving them to

Schrader. The entire transaction took approximately ten minutes.

After leaving Talley's house, Schrader drove directly to the police station, the designated meeting place, with the officers following behind him. Once in the police department parking lot, he exited his truck and handed the officers the sixteen purple tablets, later identified by Dan Hedges of the Arkansas State Crime Lab as morphine sulfate tablets, wrapped in toilet paper. The officers searched Schrader and his vehicle again to ensure there were no more controlled substances present.

Talley was subsequently arrested and waived his right to a jury trial. After a bench trial, Talley was found guilty of delivery of a controlled substance and sentenced to forty-five years imprisonment.

The sole issue on appeal is whether the trial court erred in denying Talley's motion for directed verdict because there was no corroborating evidence to support Schrader's "accomplice" testimony. As this argument has no merit, we affirm the conviction.

While it is true that an accomplice's testimony must be corroborated pursuant to Ark. Code Ann. § 16-89-111(e)(1) (1987), the record is devoid of any evidence indicating that Schrader was an accomplice rather than a confidential informant. A buyer of illicit drugs is not an accomplice of the seller. *Ellis v. State*, 306 Ark. 461, 464, 816 S.W.2d 164, 166 (1991); *Williams v. State*, 290 Ark. 449, 451, 720 S.W.2d 305, 306 (1986).

Accordingly, Talley's conviction is affirmed.