

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–880

| | |
|---|---|
| | Opinion Delivered: AUGUST 31, 2016 |
| ANNA CHRISTINE CHILDERS<br>APPELLANT | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. CR-14-109] |
| V. | |
| | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

### KENNETH S. HIXSON, Judge

Appellant Anna Christine Childers was convicted by a jury of delivery of methamphetamine, possession of drug paraphernalia, and unauthorized use of another person's property to facilitate a crime. She was also found by the jury to be subject to an enhanced sentence for delivery of a controlled substance in proximity to a school or a church. Ms. Childers was sentenced to a total of sixty years in prison. Ms. Childers now appeals, challenging the sufficiency of the evidence to support each of her offenses. We affirm.

In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Medlock v. State*, 2016 Ark. App. 282. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We view the evidence in the light most favorable to the State, considering only the evidence that supports the

verdict. *Davis v. State*, 2016 Ark. App. 274, ___ S.W.3d ___. Weighing the evidence, reconciling conflicts in the testimony, and assessing credibility are all matters exclusively for the trier of fact, in this case the jury. *Id.*

Jim Easley testified that he owns the property at 501 North Main Street in Sheridan. Mr. Easley stated that he rented the property to Rusty Joyner and that appellant Anna Childers also lived in the house. Mr. Easley testified that he had no knowledge of any drug activity on the property.

Carrie Killian is a habitual felony drug offender, and she cooperated with the Group Six Drug Task Force in exchange for leniency on her most recent drug charges. Ms. Killian agreed to work as a confidential informant making controlled drug buys. Ms. Killian was working with Officer Clay Coke, and she advised him that she could purchase methamphetamine from Ms. Childers at 501 North Main Street.

In preparation for the controlled buy, Officer Coke conducted a patdown search of Ms. Killian and found no contraband. Ms. Killian was provided with sixty dollars in buy money, and Officer Coke drove her in an unmarked police car to a hotel parking lot. The hotel was located across from a school and in front of the house at 501 North Main Street where Ms. Childers lived.

After they parked at the hotel, Ms. Killian exited the car and walked to the house. Ms. Killian testified that she made contact with Ms. Childers in the yard, and that after speaking with her for a few minutes she did not think Ms. Childers had any drugs to sell. However, when Ms. Killian began to leave, Ms. Childers stopped her and said, "I didn't say I didn't have any," and she invited Ms. Killian inside the house. While inside the house,

Ms. Childers unlocked a padlocked door and the two women walked into a bedroom. According to Ms. Killian, Ms. Childers then pulled out a set of digital scales from a box, placed the scales on a table, and "weighed the dope on them." After weighing the drugs, Ms. Childers placed the baggie containing the drugs on the table. Ms. Killian picked up the baggie and dropped the sixty dollars on the table.

When the drug transaction was completed, Ms. Killian returned directly to the unmarked police car and handed the baggie to Officer Coke. The baggie was subsequently transported to the crime lab, where a forensic chemist tested the substance and determined it to be 0.373 grams of methamphetamine.

Officer Coke testified that he believed Ms. Killian to be a reliable confidential informant. He stated that Ms. Killian had made four prior controlled drug buys, and that all four of those buys resulted in guilty pleas and convictions.

Officer Matthew Smith testified that, during the controlled buy, he conducted surveillance of the house from a separate car behind the Sheridan Middle School where he could see the house. Officer Smith further testified:

> The 501 North Main Street address, I was able to determine its location approximately to any schools or any churches in the area. It was measured by Lidar. A Lidar is a laser radar gun that measures by a laser. I was able to determine that from the school to the property was 576 feet. From the property to First United Methodist Church at the Main Street awning was 629 feet. From the property to the North Main Baptist Church was 811 feet. And from the property to First Assembly of God Church on Vine Street was 975 feet. So this 501 North Main was within 1,000 feet of all these places that I listed.

Ms. Childers's first argument on appeal is that there was insufficient evidence to support her conviction for delivery of methamphetamine. Arkansas Code Annotated section 5-64-422(a) (Repl. 2016) makes it unlawful for a person to deliver

methamphetamine. This statute does not prescribe a culpable mental state; however, a culpable mental state is nonetheless required and is established only if the person acts purposely, knowingly, or recklessly. *See* Ark. Code Ann. § 5-2-203(b) (Repl. 2013).

Ms. Childers argues that the State failed to introduce substantial evidence that she knowingly or purposely delivered methamphetamine to the confidential informant. Ms. Childers asserts that the State relied solely on the testimony of a woman who had multiple felony convictions and who was working in exchange for her recent drug charges being dropped. Ms. Childers contends that the informant had an incentive to get someone convicted of a drug crime, and asserts that the State failed to corroborate her testimony about the alleged exchange. Ms. Childers maintains that the cursory patdown prior to the alleged controlled buy, coupled with the officer's failure to search the informant when she returned to the police car, leaves a number of reasonable conclusions contrary to the informant's testimony.

We conclude that there was substantial evidence to support appellant's conviction for delivery of methamphetamine. "Delivery" is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance . . . in exchange for money[.]" Ark. Code Ann. § 5-64-101(6) (Repl. 2016). In this case there was testimony that the confidential informant, Ms. Killian, was searched by the police before entering the house where she and Ms. Childers exchanged drugs for money. Ms. Killian testified that she exchanged sixty dollars for a baggie containing drugs that had been weighed and packaged by Ms. Childers. It was subsequently confirmed by chemical testing that the baggie contained methamphetamine. Our supreme court has held that neither a confidential

informant nor a buyer of illicit drugs is an accomplice of the seller. *See Talley v. State*, 312 Ark. 271, 849 S.W.2d 493 (1993). Therefore, contrary to appellant's argument, there was no requirement in this case that Ms. Killian's testimony be corroborated. *Id.* Therefore, the State's proof sufficiently established that Ms. Childers knowingly delivered methamphetamine.

Ms. Childers next argues that there was insufficient evidence to support her conviction for possession of drug paraphernalia. However, we do not agree. Arkansas Code Annotated section 5-64-443(b) (Repl. 2016) provides that it is unlawful to use drug paraphernalia to test or analyze methamphetamine. "Drug paraphernalia" includes a scale that is used for weighing a controlled substance. Ark. Code Ann. § 5-64–101(12)(B)(v) (Repl. 2016). Ms. Childers contends that the only evidence supporting her drug-paraphernalia conviction was the uncorroborated testimony of the confidential informant. However, as previously stated, the informant's testimony need not be corroborated. Ms. Killian testified that Ms. Childers used a scale to weigh the methamphetamine, and this testimony was sufficient to support appellant's conviction for possession of drug paraphernalia.

Ms. Childers next challenges the sufficiency of the evidence supporting her conviction for unauthorized use of another person's property to facilitate a crime. A person commits this offense if she knowingly uses the property of another person to facilitate in any way the violation of a predicate criminal offense without the owner's knowledge. Ark. Code Ann. § 5-74-105(a)(1) (Rep. 2016). In this case the State presented proof that Ms. Childers used another person's property to facilitate the delivery of methamphetamine.

On appeal, Ms. Childers argues that this offense was not proved because the State failed to prove the predicate offense of delivery of methamphetamine. However, having concluded that there was substantial evidence to support appellant's conviction for delivery of methamphetamine, we likewise conclude that there was substantial evidence that she committed unauthorized use of another person's property to facilitate a crime.

Ms. Childers's remaining argument is that there was insufficient evidence to support a sentence enhancement for delivering a controlled substance within 1000 feet of a school or a church. *See* Ark. Code Ann. § 5-64-411(a)(2) (Repl. 2016) (providing for enhanced penalties for delivery of a controlled substance in proximity to certain facilities). Ms. Childers contends that the only evidence regarding her proximity to these facilities was the testimony of Officer Smith, who used a Lidar laser gun to measure the distances. Ms. Childers submits that this testimony was inadequate because the Lidar is primarily used for speed enforcement, Officer Smith was not certified on the Lidar, and Officer Smith did not know the margin of error for the device.

We hold that there was substantial evidence that Ms. Childers delivered methamphetamine within 1000 feet of a school as contemplated by the sentence-enhancement statute. Although Ms. Childers objected to the admissibility of Officer Smith's testimony below, her objection was overruled and she does not challenge the admissibility of it on appeal. There was testimony that Sheridan Middle School was located across the street from the hotel, which was located in front of the house at 501 North Main Street, and Officer Smith testified that he could see the house from his location on the school property. He further testified that, using the Lidar radar gun, he measured the distance

between the school and the property where appellant sold drugs at 576 feet. Viewing the evidence in the light most favorable to the State, there was substantial evidence to support the jury's finding that Ms. Childers delivered a controlled substance within 1000 feet of a school or a church.

We have reviewed each of appellant's challenges to the sufficiency of the evidence and concluded that none of her challenges have merit. Therefore, we affirm appellant's convictions as well as the jury's finding that appellant was subject to an additional prison term for selling methamphetamine within proximity to a school or a church.

Affirmed.

KINARD and WHITEAKER, JJ., agree.

*Philip C. Wilson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.