

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–16–860

EDWARD LAMAR CAVE

**APPELLANT**

V.

STATE OF ARKANSAS

**APPELLEE**

**Opinion Delivered:** April 5, 2017

APPEAL FROM THE GRANT COUNTY CIRCUIT COURT
[NO. 27CR-16-3]

HONORABLE CHRIS E WILLIAMS, JUDGE

AFFIRMED

## MIKE MURPHY, Judge

A Grant County jury convicted appellant Edward Cave of delivery of methamphetamine, delivery of oxycodone, and maintaining a drug premises. On appeal, Cave contends that there was insufficient evidence to support his convictions. We affirm.

Cave's charges came about as a result of a "controlled buy" operation conducted through a confidential informant, Suzen Cooper. In February 2015, Cooper began working as a paid confidential informant for Group Six, a multicounty drug task force. Generally, she contacted Eddie Keathley, the supervisor of Group Six, and told him that she had some people from whom she thought she could buy drugs. On this particular occasion, Cooper observed Cave, her neighbor, outside his house and felt that he had drugs she could buy. She testified that he appeared to be high because it was cool weather, but he did not have a shirt on, and he "was beating the crap out of a truck in the middle of the day." She approached him and asked if he knew where she could get any "ice," and he said that he

did. She asked what else he could get, and Cave told her that he could get pills. At that point, Cooper said she needed to go inside her house and see how much money she had. She returned to her house, contacted Agent Keathley, and told him that Cave would sell her some methamphetamine and pills. Keathley told her to set up the buy.

A short time later, Keathley met Cooper at her house, and she told him that she had arranged to buy from Cave a one-half gram of methamphetamine for $50 and six pills for $10 each, totaling $110. Keathley parked his truck out of sight of Cave's house and thoroughly searched Cooper before giving her the $110 in drug-buy money. Cooper then went next door and made contact with Cave as he came out of his residence. According to Cooper, she first gave Cave money for the methamphetamine because he had that in his possession, and he gave the methamphetamine to her. Then a truck pulled up, and Cooper gave Cave the money for the pills; Cave walked to the truck and gave the money to the man in the truck.[1] Cave then came back and handed Cooper the pills. Cooper walked directly back to meet Agent Keathley on the other side of her home and handed him the drugs. According to Keathley, the entire transaction between Cooper and Cave lasted only forty seconds to a minute.

Agent Keathley testified that, although he briefly lost sight of Cooper while moving his truck and Cooper's back was to him during the transaction, he observed her talk to Cave, and then a truck pulled up. He explained that he saw Cave walk over to the truck and then go back to Cooper. Cooper then turned around, walked away, and went immediately back to where he was standing. She handed him a plastic bag with a crystal

---

[1]The man in the truck, Asmon West, was prosecuted as a codefendant at Cave's trial.

substance inside, along with a plastic wrapper with six pills in it.[2] Keathley testified that Cooper had made "a number of" buys for him, that she had never stolen any money or drugs, and that he had never had any trouble with her.

On appeal, Cave argues that the circuit court erred in not granting his motion for directed verdict on all of the charged offenses. Specifically, Cave claims that the State failed to present substantial evidence of the offenses because Agent Keathley did not actually observe the deliveries, and he challenges Cooper's credibility due to her criminal history.

On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *See Reynolds v. State*, 2016 Ark. 214, at 3, 492 S.W.3d 491, 494. This court views the evidence in the light most favorable to the State and affirms if there is substantial evidence to support the verdict. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* This court does not weigh the evidence presented at trial or assess the credibility of the witnesses, because those are matters for the fact-finder. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

Cave's first argument on appeal is that there was insufficient evidence to support his conviction for delivery of methamphetamine. Arkansas Code Annotated section 5-64-422(a) (Repl. 2016) makes it unlawful for a person to deliver methamphetamine. "Delivery" is defined as "the actual, constructive, or attempted transfer from one person to

---

[2]These substances were later determined to be .4490 grams of methamphetamine and six oxycodone tablets.

another of a controlled substance . . . in exchange for money[.]" Ark. Code Ann. § 5-64-101(6). In *Childers v. State*, 2016 Ark. App. 371, at 4, 498 S.W.3d 742, 744, the appellant argued that the State failed to introduce substantial evidence to support a delivery-of-methamphetamine conviction when the State relied solely on the testimony of a woman who had multiple felony convictions and who was working in exchange for her recent drug charges being dropped. We affirmed the circuit court's verdict, holding that substantial evidence supported the conviction because there was testimony that the confidential informant was searched by the police officer before entering the house where she and appellant exchanged drugs for money, and testimony revealed that the confidential informant exchanged $60 for a baggie containing drugs that had been weighed and packaged by the appellant. *Id.* There, we held that the appellant's testimony alone was enough and that there was no requirement that her testimony be corroborated. *See id.*; *see also Talley v. State*, 312 Ark. 271, 849 S.W.2d 493 (1993) (holding that corroboration of informant's testimony was not required in absence of evidence indicating that informant was accomplice).

We conclude that there was substantial evidence to support Cave's conviction for delivery of methamphetamine. Although Keathley testified that Cooper's back was to him and he could not tell what was going on between Cooper and Cave, Cooper testified about the exchange, explaining that she first transferred the money for the methamphetamine to Cave and that he then gave her the drug. Cooper's testimony alone is sufficient and did not need to be corroborated by Agent Keathley. We have previously explained that we have no authority to disregard the testimony of a witness after the jury has given it full credence, at

least where it cannot be said with assurance that it was inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ thereon. *Brunson v. State*, 45 Ark. App. 161, 163, 873 S.W.2d 562, 564 (1994) (confidential informant's testimony that he purchased marijuana from appellant during two controlled drug purchases was sufficient to convict because it was not inherently unbelievable). Notably, Cooper was not working as a confidential informant as part of a negotiated deal to drop drug charges, she was doing it for personal reasons and to try to better her community. She had previously been arrested for drug-related felonies, as well as misdemeanor hot-check and theft charges, but she had no felony convictions. Furthermore, the jury was aware of Cooper's background and took it into consideration in its credibility determination. Lastly, Keathley testified that Cooper has been very productive since joining Group Six and that he thoroughly searched her before and after the buy. Therefore, the State's proof sufficiently established that Cave knowingly delivered methamphetamine.

Cave next argues that there was insufficient evidence to support his conviction for delivery of oxycodone. Oxycodone is a Schedule II controlled substance, and Arkansas Code Annotated section 5-64-426 makes it unlawful for a person to deliver a Schedule II substance. Ark. Dept. of Health, List of Controlled Substances for the State of Arkansas, (2015), http://www.healthy.arkansas.gov/aboutADH/RulesRegs/controlled_substances_list.pdf.

The analysis previously applied to Cave's first argument also applies here. There was sufficient testimony and evidence from which a jury could reasonably conclude that Cave knowingly delivered oxycodone.

Cave's remaining argument is that there was insufficient evidence to support his conviction of maintaining a drug premises. Cave again challenges Cooper's credibility. Arkansas Code Annotated section 5-64-402(a)(2) provides that it is unlawful for any person "knowingly to keep or maintain any store, shop, warehouse, dwelling, building, or other structure or place or premise that is resorted to by a person for the purpose of using or obtaining a controlled substance in violation of this chapter or that is used for keeping a controlled substance in violation of this chapter." In *Curtis v. State*, 2015 Ark. App. 167, 457 S.W.3d 700, we held that evidence was sufficient to support a conviction for maintaining a drug premises where the confidential informant testified that the appellant lived in the trailer, that the informant gave the appellant money in the living room of the trailer, and that the appellant then went to a bedroom and removed methamphetamine from a larger bag and placed it into a smaller bag and gave it to the informant.

Similarly, Cooper unequivocally testified that Cave was living in the residence next door to her and that the drug buy happened directly in front of Cave's house. Although West brought Cave the oxycodone pills to sell to Cooper from an outside location, Cave emerged from his house with the methamphetamine in his possession to sell to her. The transaction took place in front of Cave's house before West arrived. Overall, the testimony established that Cave resided at the residence and knew drugs were distributed from the premises. Accordingly, substantial evidence supports Cave's conviction for maintaining a drug premises.

Affirmed.



GLADWIN and HARRISON, JJ., agree.

*Philip C. Wilson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.