BRANDON J. HARRISON, Judge
Alim Shakir Hakim challenges the sufficiency of the State's evidence against him to support one conviction of the delivery of cocaine. Ark. Code Ann. § 5-64-422(b)(1) (Repl. 2016). He does not challenge the enhancement of his sentence pursuant to Ark. Code Ann. § 5-64-411 (enhancement for delivery within 1000 feet of a public-housing development) and Ark. Code Ann. § 5-4-501(b)(1) (Supp. 2017) (habitual offender).
Here is a recap of the State's case. A video recording taken with a small camera and an audio transmitter hidden near the person of confidential informant Linda Crow showed Crow interacting with Fort Smith Police Department narcotics investigator Greg Napier. The video shows Crow driving and picking up Hakim, the two interacting, and then driving to a location later identified as Nelson Hall Homes (a government-funded housing addition). Hakim asks Crow to step inside; Crow declines and hands Hakim money. The angle of the video does not show Hakim delivering to Crow a small plastic bag of drugs, but the audio component records some haggling over the price and the amount of cocaine.
Crow testified during the trial that Hakim gave her between $40 and $60 worth of crack cocaine. Officer Napier testified that he searched Crow and her vehicle for contraband before he gave her $100 of buy money. He also said that he followed Crow and saw the transaction. According to Officer Napier, Hakim entered the passenger side of Crow's car, then Crow drove the two into the parking lot. Hakim exited the car, went inside Nelson Hall for a short time, came back out, stood by the driver's side of the car, and spoke with Crow for a moment. He went back inside the apartment complex and then returned. Officer Napier testified that Hakim sold Crow a small amount of crack cocaine. The officer conducted a field sample on the substance and sent it to the state crime lab for testing. Lize Wilcox, an employee of the Arkansas State Crime Lab, testified that the chemical composition of the cocaine was established using a gas chromatograph and a mass spectroscopy ; the amount was .02349 grams.
Arkansas Code Annotated section 5-64-422(a) makes it unlawful for a person to deliver cocaine. "Delivery" is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance ... in exchange for money[.]" Ark. Code Ann. § 5-64-101(6). We review the jury's verdict for substantial evidence to support the conviction. Cave v. State , 2017 Ark. App. 212, at 3-4, 518 S.W.3d 134, 137 (standard of review).
Hakim argues that "there [was] nothing presented to the fact finder to substantiate the claim that the appellant was in fact a seller of cocaine" and that confidential informant Crow had a reason to lie because she was trying to avoid going to prison for check fraud. Crow and Officer Napier both testified that Hakim sold cocaine to Crow; and the video and audio recording supports their testimony. Further, the crime *333 lab established that the substance exchanged between Hakim and Crow was cocaine. The credibility of the witnesses and in whose favor to make judgment calls on the evidence was for the jury to decide. Given this record, substantial evidence supported the case against Hakim. We therefore affirm the conviction.
Affirmed.
Virden and Klappenbach, JJ., agree.