Cite as 2020 Ark. 156

# SUPREME COURT OF ARKANSAS

No. CV-19-321

| | |
|---|---|
| EDWARD CAVE | **Opinion Delivered** April 23, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT |
| V. | [NO. 39CV-19-21] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE E. DION WILSON, JUDGE |
| | AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

Appellant Edward Cave appeals the denial by the circuit court of his pro se petition for writ of habeas corpus. On appeal, Cave argues that the circuit court erred because it denied his petition without citing any case law. We affirm.

## I. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## II. *Nature of the Writ*

Cave seeks a writ of habeas corpus pursuant to Ark. Code Ann. § 16-112-103. This statute states in pertinent part:

> The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted.

Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016).

### III. *Cave's Habeas Petition*

In his habeas petition, Cave asserts that he is being unlawfully detained because his arrest and conviction was based on the false testimony of Suzen Cooper, who had a lengthy criminal history. He asserts that Cooper set him up and that he was actually innocent. Cave also argues that there was a case number on the "Information Sheet" that was different from other court documents. He concedes that the error was corrected, but argues that the proceedings under the erroneous case number were "fruit of the poisonous tree." Cave also refers to a belated Rule 37 petition and the supporting record, but does not actually connect an allegation of ineffective assistance of counsel to his allegation that he was unlawfully detained.

### IV. *Background*

Cave was committed to the Arkansas Department of Correction after a Grant County Circuit Court jury found Cave guilty of two counts of delivery of a controlled substance and one count of maintaining a drug premises. An aggregate sentence of 720

2

months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Cave v. State*, 2017 Ark. App. 212, 518 S.W.3d 134. The charges against Cave arose out of a "controlled buy" wherein a confidential informant, who was Cave's neighbor, purchased drugs from Cave at Cave's residence. The buy was part of a multicounty drug task-force operation under the supervision of Agent Eddie Keathley. Cave argued on direct appeal that the State failed to establish substantial evidence of the three offenses, contending, among other arguments, that Keathley did not observe the delivery of the drugs to the paid informant, Suzie Cooper, and that the informant was not credible. Cave specifically raised Cooper's credibility as an issue in his direct appeal wherein he discussed her criminal history. The court of appeals held that there was substantial evidence to sustain the judgment on each charge. *Id.*

## V. *Argument on Appeal*

Cave first argues that he is actually innocent because his arrest and conviction was based on the false testimony of Cooper, who should not have been believed. We reject this argument.

The claims that Cave makes regarding Cooper's credibility do not constitute a valid assertion that he is being unlawfully detained. Cooper's credibility was challenged in his jury trial and again on direct appeal. A habeas action does not afford a petitioner the opportunity to retry his or her case. *Watkins v. Kelley*, 2018 Ark. 215, 549 S.W.3d 908. The legality of Cave's detention was established at his trial and affirmed in his direct appeal.

3

Cave next argues that the writ should issue because he was not afforded effective assistance of counsel. We note, however, that while Cave refers to a "belated" Rule 37 petition in his habeas petition, he does not assert that it was the reason for his unlawful detention. On appeal, he attempts to make that claim. However, he acknowledges that his Rule 37 petition was denied due to a procedural default. Cave attributes this procedural default to his taking the legal advice of "a jailhouse lawyer/helper for inmates for the ADC" who advised him that "he could not file Rule 37 against an attorney that handled both jury trial and direct appeal because [the] attorney would not file against himself." Accordingly, the failure to get his ineffective-assistance-of-counsel claim is attributable to Cave's own improvident decision.

By our adoption of Rule 37, we have required that any allegation Cave desired to raise pertaining to the adequacy of counsel should have been raised in a timely petition pursuant to Rule 37.1. *See State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673. A habeas proceeding is not a substitute for a timely petition under the Rule or an opportunity to argue issues that are properly raised under the Rule. *See Gardner v. Kelley*, 2018 Ark. 300.

Finally, Cave makes no argument on appeal with regard to the apparent scrivener's error on some of the court documents. We deemed this issue to have been abandoned on appeal.

Affirmed.

WOOD and WOMACK, JJ., concur without opinion.

*Edward Cave*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Adam Jackson*, Ass't Att'y Gen., for appellee.