Cite as 2020 Ark. 413

# SUPREME COURT OF ARKANSAS

No. CV-20-267

| | |
|---|---|
| LANCE MITCHELL OWENS<br><br>APPELLANT<br><br>V.<br><br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered:** December 10, 2020<br><br>PRO SE APPEAL FROM THE LEE<br>COUNTY CIRCUIT COURT<br>[NO. 39CV-20-6]<br><br>HONORABLE RICHARD L.<br>PROCTOR, JUDGE<br><br>AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Lance Mitchell Owens appeals the circuit court's denial of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to –123 (Repl. 2016). Owens filed his petition in Lee County where he is currently incarcerated. Owens alleged below and reasserts on appeal that his sentence is illegal because it exceeded the presumptive sentence for the crime of first-degree murder to which he pleaded guilty. Owens argues that the failure to attach to the judgment and commitment order Owens's written reasons for the departure from the presumptive sentence rendered his sentence illegal pursuant to Arkansas Code Annotated section 16-90-804 (Supp. 1999).[1] We affirm.

---

[1]In his petition filed in the circuit court, Owens raised a double-jeopardy claim but states in his brief-in-chief that "[a]ppellant believes he was mistaken about the double-jeopardy claim and will not pursue the claim further." Claims that are not raised on appeal are considered abandoned. *Cave v. State*, 2020 Ark. 156, 598 S.W.3d 506.

On September 6, 2002, Owens pleaded guilty in Madison County to first-degree murder in case number 44CR-01-54 and to kidnapping that was committed in Washington County in case number 72CR-01-1050. Owens waived venue and pleaded guilty to kidnapping the victim in Washington County and murdering her in Madison County. Owens was sentenced to life imprisonment for first-degree murder and to thirty years' imprisonment for kidnapping, which was imposed to run concurrently. As part of the negotiated plea agreement, the offense of capital murder was reduced to first-degree murder. The transcript of the plea hearing that is included in the record demonstrates that Owens and his codefendant admitted that they kidnapped the victim in Washington County where she was bound and gagged and held for several days before being driven to Madison County where she was strangled and thrown into Beaver Lake. The transcript of the hearing also shows that Owens and his codefendant understood that they would be sentenced to life imprisonment as part of the negotiated plea deal, which reduced the charge of capital murder to that of first-degree murder. Owens was asked by his trial counsel if he understood that his sentence to life imprisonment meant life, and Owens replied in the affirmative.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who files a writ seeking relief but does not allege his or her actual innocence and proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must plead either the facial invalidity of the judgment or the lack of

2

jurisdiction by the trial court and show, by affidavit or other evidence, probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416. If a sentence is within the limits set by statute, it is legal. *Proctor v. Payne*, 2020 Ark. 142, 598 S.W.3d 17.

A circuit court's decision on a petition for a writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*.

Owens argues on appeal that the judgment and commitment order entered in Madison County for the offense of first-degree murder does not have a written report setting forth his reasons for the departure from the presumptive sentence. Therefore, Owens argues that the sentence of life imprisonment for first-degree murder that was imposed by the Madison County Circuit Court is illegal because the order does not abide by the requirements set forth in Arkansas Code Annotated section 16-90-804 (Supp. 1999).[2]

---

[2]Arkansas Code Annotated section 16-90-804 was originally enacted by Acts 532 and 550 of 1993 and was amended by Act 1170 of 1995. These Acts codified at section 16-90-804 appear in the 1997 and 1999 supplements to Title 16 of the Arkansas Code and include the 1995 amendments to the original Acts of 1993.

Owens received a sentence that he agreed to before entering his plea of guilty, and under those circumstances, section 16-90-804 does not apply. *See Waller v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757; *see also Redus v. State*, 2013 Ark. 9 (per curiam) (When a habeas petitioner has accepted a negotiated plea, we do not look beyond the permitted statutory range of punishment in determining, whether the sentence was valid.). The transcript of the plea hearing demonstrates that in exchange for the guilty plea, the prosecutor recommended a thirty-year sentence for kidnapping and life imprisonment for first-degree murder and that Owens understood the sentencing recommendation when he pleaded guilty. The permitted statutory range for first-degree murder, which is a Class Y felony, is not less than ten years and not more than forty years, or life. *See* Ark. Code Ann. §§ 5-4-401, 5-10-102 (Repl. 1997). In view of the above, Owens has failed to state a claim for issuance of a writ of habeas corpus because he has failed to demonstrate that his sentence is illegal on its face.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** I agree that Owens is not entitled to habeas relief on the claims presented, but I write separately for the reasons stated in *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44 (Hart, J., dissenting).

I concur.

*Lance Mitchell Owens*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.